**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**TERRY SLY,**

    **Plaintiff,**

**vs.**                                        **CASE NO. 5:09CV376-RS/AK**

**OTIS COOPER,**

    **Defendant.**

    _____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He also seeks to proceed *in forma pauperis*. (Doc. 2). The motion for IFP is **GRANTED**, for purposes of entering this Report and Recommendation only.

Plaintiff sues Otis Cooper, apparently a private citizen, for trespassing in his home on January 5, 2007, and stealing and destroying property. Plaintiff claims that Cooper violated his Fourth and Fifth Amendment rights. Plaintiff explains that he filed a claim in state court against Cooper and contends that the court misunderstood his claims. He requests that this Court order a rehearing by an biased state court.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *Pro se* complaints are to be held to a less stringent standard than those drafted by an

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint

**No. 5:09cv376-RS/AK**

that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Plaintiff does not contend that Cooper was acting under any state authority. He contends that he may have been acting at the direction of Plaintiff's landlord, but a successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

This case is frivolous and constitutes a third strike barring all future lawsuits by this Plaintiff without a showing of imminent danger of serious physical harm pursuant to 28 U.S.C. §1915(g). Plaintiff has filed two previous suits which have been dismissed on similar bases: Case Nos. 5:09cv153-RS/AK (dismissed as frivolous) and 5:05cv95RS/EMT (dismissed as frivolous and for abuse of process).

**No. 5:09cv376-RS/AK**

Accordingly, it is

**ORDERED:**

That Plaintiff's Motion for IFP (doc. 2) be **GRANTED** for purposes of entry of these recommendations; and

It is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this constitutes the third strike within the meaning of 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  **3rd** day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:09cv376-RS/AK**